AO 472 (Rev. 11/16) Order of Detention Pending Trial

United States District Court
Southern District of Texas

**ENTERED**
December 30, 2019
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 4:19-cr-890 |
| Justin Cory Gass ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

   ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

   ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

   ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

   ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

   ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
   **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
   **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☒ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☒ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

- [ ] Significant family or other ties outside the United States
- [ ] Lack of legal status in the United States
- [ ] Subject to removal or deportation after serving any period of incarceration
- [x] Prior failure to appear in court as ordered
- [ ] Prior attempt(s) to evade law enforcement
- [x] Use of alias(es) or false documents
- [x] Background information unknown or unverified
- [x] Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

On December 30, 2019, the Court held a hearing to determine whether Defendant Justin Cory Gass should be held in custody pending trial in accordance with the Bail Reform Act of 1984, 18 U.S.C. § 3142(f). Defendant is charged in an Indictment of the Grand Jury, Case No. 4:19-cr-890 with theft of mail and possession of stolen mail in violation of 18 USC §§ 1708 and 2 and wire fraud in violation of 13 USC §1343. Assistant United States Attorney Christine Li appeared on behalf of the United States (the "Government"); Assistant Federal Public Defender Theresa Keck appeared on behalf of Defendant.

Defendant's Background

Pretrial Services ("PTS") gave a report after interviewing the Defendant.

Defendant is 36 years old and is a lifelong resident of Houston. He lives with his wife and children in a house owned in his father's name. He denied owning a passport, traveling internationally, or owning any guns. Defendant's father lives in Houston and he maintains regular contact with his father but not with other relatives. He does not know his mother. Defendant is in an 11-year common law marriage and has two children. His wife has a child from a prior relationship. He has a GED and several certifications. This information was not corroborated. Defendant owns a towing and wrecker service in Spring. His financial disclosure included the business as an asset and listed trucks as part of his assets and liabilities. He also works as a barber.

He has a criminal record. He has multiple misdemeanor and felony charges. He has several convictions including for misdemeanor assault and violation of a protective order, and felony aggravated robbery and possession of a controlled substance. He is currently facing state charges of unlawful possession of a firearm and possession of a controlled substance. In 2000, he received 8 years probation but a year later probation was revoked, and he was sentenced to 7 years in prison. At the time of his arrest on these charges, he was out on bond on the felon in possession and possession of controlled substance charges.

Evidence Regarding the Pending Complaint

At the hearing, the Government offered testimony of a US Postal Inspector ("Inspector") with the US Postal Service, concerning the investigation and Defendant's subsequent arrest. The Court finds his testimony to be credible. He testified to the following:

The Postal Service team was investigating theft of mail in Houston apartment complexes. On August 10, 2019, a video from a Houston apartment complex shows a man, later identified as Defendant, stealing mail. The team did more investigating and attempted to apprehend Defendant. Defendant had been arrested on November 14 on state charges of felon in possession of a firearm and possession of a controlled substance. He was released on bond. On November 20, at 7:00 a.m., Inspector and a law enforcement team went to Defendant's residence to serve the federal arrest warrant. He was not there. His wife provided his cell phone number. One of the team members contacted Defendant. They exchanged texts and phone calls. Defendant said that he was in the area and would be there shortly. He continued to stall law enforcement for several hours and never appeared. His wife consented to a search of the home and law enforcement

seized a firearm. The team then located and interviewed Defendant's father who denied knowledge of his son's whereabouts. He also gave false information regarding Defendant's towing business, stating that Defendant no longer owned the business and had sold his last truck.

Defendant had a court date on his state charges. Inspector's team attempted to find Defendant when he appeared for that court setting. Defendant failed to appear, in violation of his state bond conditions.

On December 10, the team received a tip on Defendant's location. He was staying at a hotel registered under another name. He had also rented a car, using another name. The hotel manager identified a photo of Defendant and indicated that his wife and kids had visited him at the hotel.

Defendant consented to a search of his hotel room. Once inside, the team found about 7 large garbage bags filled with stolen mail. Defendant had apparently created fake Texas driver's licenses for himself, using his photo with other people's identifying information. In addition, there were ids that were apparently made for other people. The team also seized several passports, credit cards, and bank account statements, all things that are used to commit identity theft. Defendant had successfully obtained money from the stolen mail. He cashed 6 checks totaling $4000.00 from a checking account for one of the victims of mail theft at the apartment complex on August 10. He was also in possession of 11 counterfeit Arrow keys, which are issued to postal employees to retrieve mail from blue mail drop boxes and apartment mailboxes. Defendant was also in possession of 3 laptops and a printer, which is consistent with making false identification.

Defendant's Evidence

The Defendant did not call any witnesses but proferred the PTS report.

Order

(1) The Government has met its burden of persuasion and demonstrated, by a preponderance of the evidence, that Defendant poses a serious risk of flight such that no condition or combination of conditions of release would reasonably ensure his appearance as required. See United States v. McConnell, 842 F.2d 105, 110 (5th Cir. 1988) (en banc) ("It is sufficient for the court to find by a preponderance of evidence that the defendant poses a serious risk of flight."). Defendant has demonstrated an ability to flee within the United States and evade detection. Defendant has mutiple Texas drivers' licenses with his picture but with other names. Likewise, he had in his possession multiple credit cards for other people. When he learned he was to be arrested, Defendant went underground and hid, using other names to rent a car and hotel room to avoid detection. His family denied knowledge of his whereabouts, but his wife and children visited him in his hotel, making them complicit in his avoiding arrest. He was found in possession of stolen mail and continued to make false identification cards, knowing that a federal warrant for his arrest on mail theft charges was pending. He was out of bond on state charges but violated the conditions of his release when he continued to break the law, missed a court hearing, and evaded arrest. Therefore, Defendant's capacity and desire to flee and evade detection support his continued detention pending trial.

Thus, the Court concludes that there are no conditions or combination of conditions that would reasonably assure the appearance Defendant at trial. Therefore, detention is ORDERED.  Defendant is DETAINED pending further proceedings in this matter.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 12/30/2019

*Dena Palermo*

United States Magistrate Judge